**Michael James HICKS, Petitioner–Appellant,**

v.

**A. PALMER, Warden; Attorney General of the State of California, Respondents–Appellees.**

**No. 00–17064.**

**D.C. No. CV–98–04574–CAL.**

United States Court of Appeals, Ninth Circuit.

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Submitted Oct. 15, 2001.*

Decided Oct. 23, 2001.

Before REINHARDT, GRABER, and BERZON, Circuit Judges.

MEMORANDUM **

California state prisoner Michael James Hicks appeals pro se from the district court's denial of his 28 U.S.C. § 2254 habe-

as petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Hicks contends that the trial court denied him his Sixth Amendment right to the effective assistance of counsel by not granting his mid-trial request for counsel. Based on our review of the record, we disagree.

Under the AEDPA, we may reverse a state court's decision denying relief only if that decision is "contrary to, or involves an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Van Tran v. Lindsey*, 212 F.3d 1143, 1149 (9th Cir.), *cert. denied*, 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

The state court determined that Hicks was thoroughly advised of the responsibilities and perils of waiving his right to counsel, discouraged from doing so, and warned that he could not change his mind about self-representation during trial. Indeed, the waiver petition submitted by Hicks and the trial court's extensive colloquy with Hicks support the determination that the waiver was knowing and intelligent. Because that determination is not contrary to, or an unreasonable application of, clearly established federal law, *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (holding that an accused seeking to represent himself must knowingly and intelligently relinquish the benefits associated with the right to counsel and should be made aware of the dangers and disadvantages of self-representation), the district court properly denied Hicks's petition. *Van Tran*, 212 F.3d at 1154 (stating that for purposes of § 2254(d)(1), the Supreme Court need not

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

have addressed the identical factual circumstance in order to have created "clearly established" law).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

